IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OLA MURCHISON,

     Plaintiff,                    No. CIV 10-2809 MCE EFB PS

     vs.

CARRIE JEAN DENSON,

     Defendant.                 ORDER AND
                                        FINDINGS AND RECOMMENDATIONS
_____/

       This case, in which plaintiff and defendant are proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). Plaintiff's complaint, which appears to be brought under "Civil Rights 440," seeks to have defendant removed as the successor trustee on the living trust of plaintiff and defendant's mother and seeks to require defendant to "account for all the monies raised on behalf of [that trust]." Dckt. No. 1. Plaintiff contends that defendant "has not performed up to the requirements of the [trust] and has caused [their joint mother] excessive mental pain and stress, by the deprivation of her rights and privileges to a quality of life." *Id.* Plaintiff also contends that defendant has denied him the ability "to interact with [his] mother away from the facility." *Id.* at 3.

       On November 12, 2010, defendant filed a motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction and, in the alternative, a motion for a more definite statement, and

1

noticed the matter for hearing on January 12, 2011.  Dckt. No. 4.  Plaintiff opposes the motion, and on December 21, 2010, also filed a motion to remove defendant as the successor trustee of the trust at issue.  Dckt. Nos. 5, 6.  For the reasons stated herein, the undersigned will recommend that defendant's motion to dismiss be granted and plaintiff's motion to remove defendant as the successor trustee be denied.

Defendant moves to dismiss plaintiff's complaint, arguing that (1) this court lacks subject matter jurisdiction because there is neither a federal question or diversity of citizenship; (2) the complaint fails to state a cause of action because plaintiff has not established that he has standing to bring any action of behalf of his mother or that he has standing to demand an accounting of the trust at issue; (3) the complaint fails to allege any factual basis for his conclusion that defendant prevented plaintiff from interacting with his mother away from the elder care facility at which she resides; (4) plaintiff has failed to provide a proper citation to the United States Code or any other law whereby defendant might be able to recognize the basis of his claim; and (5) plaintiff's complaint is so vague and ambiguous that defendant is unable to file a responsive pleading.  Dckt. No. 4.

Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.  Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true."  *Id.* (citations omitted).  Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen,* 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Here, plaintiff's complaint does not allege either federal question or diversity jurisdiction. Both plaintiff and defendant are California citizens, and plaintiff has not alleged any violations of federal statutes or the federal constitution, or any facts which would support

3

1  such violations.[1] Plaintiff's complaint seeks to address the conservatorship and welfare of his
2  mother and defendant's purported violations of the trust at issue, which are state law matters.

3        Moreover, to the extent plaintiff seeks to assert a claim under 42 U.S.C. § 1983 for
4  interfering with plaintiff's familial relationship with his mother, such a claim fails because
5  defendant is not a state actor and plaintiff has not alleged that defendant was otherwise acting
6  under color of law. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (In order to state a claim under
7  § 1983, plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and
8  (2) that the violation was committed by a person acting under the color of state law.); *Sutton v.*
9  *Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (The party charged with a
10 constitutional deprivation under § 1983 must be a person who may fairly be said to be a
11 governmental actor) (citation and quotations omitted). Section "1983 excludes from its reach
12 merely private conduct, no matter how discriminatory or wrong." *Id.* (citing *American Mfrs.*
13 *Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted).
14 Further, to the extent plaintiff seeks to assert claims on behalf of his mother, he has not
15 established that he has standing to do so.

16       Therefore, the undersigned will recommend that this action be dismissed without leave to
17 amend for lack of subject matter jurisdiction. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir.
18 1987) (While the court ordinarily would permit a pro se plaintiff to amend, leave to amend
19 should not be granted where it appears amendment would be futile). Further, because this court
20 lacks jurisdiction, the undersigned will recommend that plaintiff's motion to remove defendant
21 as the successor trustee be denied.

---

[1] The only alleged statutory violation is of "Civil Rights 440," which is not a cause of action but is instead a code used on this court's "Civil Cover Sheet" in order to identify the type of action being filed.

Accordingly, IT IS HEREBY ORDERED that:

1. The January 12, 2011 hearing on defendant's motion to dismiss is vacated; and

2. The status (pretrial scheduling) conference currently set for hearing on February 23, 2011 is vacated.[2]

IT IS FURTHER RECOMMENDED that:

1. Defendant's motion to dismiss, Dckt. No. 4, be granted;

2. Plaintiff's complaint be dismissed without leave to amend;

3. Plaintiff's motion to remove defendant as the successor trustee, Dckt. No. 6, be denied; and

4. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 29, 2010

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] As a result, the parties are not required to submit status reports as provided in the October 19, 2010 order. *See* Dckt. No. 3 at 2.  However, if the recommendation of dismissal herein is not adopted by the district judge, the undersigned will reschedule the status conference and require the parties to submit status reports.